■ ELIZABETH GARZA et al., Respondents-Appellants, v 508 WEST 112TH STREET, INC., Appellants-Respondents. [859 NYS2d 431]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered January 10, 2008, which denied defendants' motion and plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

The court properly found that issues of fact exist as to whether plaintiffs have a right to exclusive use of the roof, ancillary to their tenancy in the penthouse apartment. Paragraph 31 of the lease for the penthouse apartment signed by plaintiff Garza in 1982 provided in handwriting and initialed: "Usage of roof terrace subject to landlord's approval." After that apartment was combined with the other penthouse in 1989, a new lease was executed, whose paragraph 20 (2) provided: "No one is allowed on the roof." However this lease, presently in force, also states that the demised premises includes "Apartment (and terrace, if any)." Defendants assert that the roof does not have a terrace, but only a roof covered with tar paper, which would fall within the paragraph 20 (2) preclusion of use of the roof. This record clearly presents issues of fact as to whether a roof terrace exists within the meaning of the lease. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.